Andro GONZALEZ–JOSE, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–73513.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Dec. 19, 2013.

Andro Gonzalez–Jose, pro se.

OIL, Theo Nickerson, Esquire, DOJ–
U.S. Department of Justice, Washington,
DC, Chief Counsel ICE, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and
GRABER, Circuit Judges.

MEMORANDUM **

Andro Gonzalez–Jose, a native and citi-
zen of Guatemala, petitions pro se for re-
view of the Board of Immigration Appeals'
order dismissing his appeal from an immi-
gration judge's decision denying his appli-
cation for asylum, withholding of removal,
and protection under the Convention
Against Torture ("CAT"). Our jurisdiction
is governed by 8 U.S.C. § 1252. We re-
view for substantial evidence the agency's
factual findings, *Wakkary v. Holder*, 558
F.3d 1049, 1056 (9th Cir.2009), and we

deny in part and dismiss in part the peti-
tion for review.

Gonzalez–Jose concedes his asylum ap-
plication was time-barred. Thus, we do
not reach his arguments regarding the
merits of his asylum claim.

Gonzalez–Jose testified he never experi-
enced harm or mistreatment in Guatemala,
but he fears returning there because of
crime and gangs. Substantial evidence
supports the agency's determination that
he failed to establish past persecution or a
clear probability of future persecution on
account of a protected ground. *See Zetino
v. Holder*, 622 F.3d 1007, 1016 (9th Cir.
2010) ("An alien's desire to be free from
harassment by criminals motivated by
theft or random violence by gang members
bears no nexus to a protected ground.");
*Parussimova v. Mukasey*, 555 F.3d 734,
740 (9th Cir.2009) (a protected ground
must be "one central reason" for an appli-
cant's persecution). We lack jurisdiction
to consider Gonzalez–Jose's contentions re-
garding ethnicity, imputed political opin-
ion, and membership in a particular social
group that he did not raise before the
agency. *See Barron v. Ashcroft*, 358 F.3d
674, 678 (9th Cir.2004) (no jurisdiction over
claims not raised before the agency). Ac-
cordingly, Gonzalez–Jose's withholding of
removal claim fails.

Finally, substantial evidence supports
the agency's denial of CAT protection be-
cause Gonzalez–Jose failed to demonstrate
it is more likely than not he would be
tortured by or with the consent or acquies-
cence of a public official in Guatemala.
*See Silaya v. Mukasey*, 524 F.3d 1066,
1073 (9th Cir.2008).

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.